(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

Stephen M Parsons

_____

_____

*(In the space above enter the full name(s) of the plaintiff(s).)*

-against-

Delaware Department of Corrections
Connections CSP INC
Dr Richard P Dushuttle M. D.
Bayhealth Medical Center

*(In the space above enter the full name(s) of the defendant(s).
If you cannot fit the names of all of the defendants in the
space provided, please write "see attached" in the space
above and attach an additional sheet of paper with the full list
of names. The names listed in the above caption must be
identical to those contained in Section IV. Do not include
addresses here.)*

**Civ. Action No. _____**
(To be assigned by Clerk's
Office)

**COMPLAINT**
*(Pro Se Prisoner)*

Jury Demand?
☒ Yes
☐ No

---

### NOTICE

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from
public access to electronic court files. Under this rule, papers filed with the court should *not*
contain: an individual's full social security number or full birth date; the full name of a person
known to be a minor; or a complete financial account number. A filing may include *only*: the last
four digits of a social security number; the year of an individual's birth; a minor's initials; and
the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other
materials to the Clerk's Office with this complaint.**

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## I.  COMPLAINT

*Indicate below the federal legal basis for your claim, if known. This form is designed primarily for pro se prisoners challenging the constitutionality of their conditions of confinement, claims which are often brought under 42 U.S.C. § 1983 (against state, county, or municipal defendants) or in a "Bivens" action (against federal defendants).*

Check one:

☒  42 U.S.C. § 1983 (state, county, or municipal defendants)

□  Action under *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971) (federal defendants)

## II.  PLAINTIFF INFORMATION

Parsons, Stephen, M
Name (Last, First, MI)                                    Aliases

00545643
Prisoner ID #

James T Vaughn Correctional Center
Place of Detention

1181 Paddock Road
Institutional Address

New Castle, Smyrna        DE            19977
County, City                  State                Zip Code

## III.  PRISONER STATUS

*Indicate whether you are a prisoner or other confined person as follows:*

□  Pretrial detainee
□  Civilly committed detainee
□  Immigration detainee
☒  Convicted and sentenced state prisoner
□  Convicted and sentenced federal prisoner

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## IV.    DEFENDANT(S) INFORMATION

*Please list the following information for each defendant. If the correct information is not provided, it could result in the delay or prevention of service. Make sure that the defendant(s) listed below are identical to those contained in the above caption. Attach additional sheets of paper as necessary.*

Defendant 1:    Delaware Department of Corrections
                Name (Last, First)

                Current Job Title
                1181 Paddock Road
                Current Work Address
                New Castle, Smyrna          DE          19977
                County, City                State       Zip Code

Defendant 2:    Connections CSP INC
                Name (Last, First)

                Current Job Title
                500 West 10th Street
                Current Work Address
                New Castle, Wilmington      DE          19801
                County, City                State       Zip Code

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

**Defendant(s) Continued**

Defendant 3:   Dushuttle, Richard P M.D.
Name (Last, First)

Medical Doctor
Current Job Title

230 Bieser BLVD
Current Work Address

Kent, Dover          DE          19904
County, City          State          Zip Code

Defendant 4:   Bayhealth Medical Center
Name (Last, First)

Current Job Title

21 West Clarke AvE
Current Work Address

Sussex, Milford          DE          19963
County, City          State          Zip Code

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## V.    STATEMENT OF CLAIM

Place(s) of occurrence:

Dr Dushuttle's   Dover, DE office

Milford Memorial Hospital — JTVCC —

Dr Dushuttle's office

Date(s) of occurrence: 6-20-2017 (MMH)  7-5-2017 + 8-5-2017

State which of your federal constitutional or federal statutory rights have been violated:

In Part of Amendment 8 "Nor cruel and unusual Punishment Inflicted
In Part of Amendment 9 "Shall not be Construed to deny or disparage
others retained by the People."

*State here briefly the FACTS that support your case. Describe how each defendant was
personally involved in the alleged wrongful actions, state whether you were physically injured as
a result of those actions, and if so, state your injury and what medical attention was provided to
you.*

FACTS:

What happened to you?

In November 2015, Plaintiff was seen by Dr Richard
P Dushuttle and diagnosed with "Avascular Necrosis"
of both of Plaintiff's femoral heads. Dr Dushuttle
then advised that Plaintiff would need hip replacements
to correct AVN. At the end of January 2017,
Plaintiff saw Dr Dushuttle in his office and
Dr Dushuttle advised Plaintiff we could proceed with
replacing his left hip. On June 20th 2017, Plaintiff
went to Milford Memorial Hospital and had his
left replaced by Dr Dushuttle. When Plaintiff woke
from surgery, Plaintiff was in a lot of Pain at
his left hip region and also noticed his left leg
was in a large knee immobilizer. Plaintiff advised
a Post-op nurse right after waking about his
severe Pain. The Post-op nurse gave Plaintiff Pain
Medication and advised it's normal to be in a lot of

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

Pain following a major surgery. Plaintiff also asked the post-op nurse about the knee immobilizer to which she stated that Dr Dushuttle placed it there and Plaintiff must wear it at all times. Shortly thereafter, Plaintiff was taken to the Joint Center at Milford Memorial Hospital. Dr Dushuttle was advised numerous times during Plaintiff's three day hospital stay about a lot of pain to which he advised that the "AVN was worse on the left side so it's normal to be in increased pain." Dr Dushuttle was also asked if we could remove the knee immobilizer during physical therapy to which he strongly replied no! Plaintiff was returned to the institution on June 23rd 2017. On July 5th 2017, Plaintiff saw Dr Dushuttle in his office. Dr Dushuttle looked over Plaintiff's staples and had them removed. Dr Dushuttle also did X-Rays to which he advised were normal. Plaintiff advised Dr Dushuttle about still being in a lot of pain and unable to stand and walk properly. Dr Dushuttle advised this rehabilition would take a long time and advised to be patient and work slowly. Dr Dushuttle also advised to keep knee immobilizer until next office visit. At the end of July 2017, Dr Tamar Jackson a doctor at JTVcc ordered X-Rays after a physical exam felt abnormal to her. Dr Jackson advised the radiologist said placement was normal however she saw a screw that looked out of place. About five days later Plaintiff saw Dr Dushuttle in his office. Dr Dushuttle removed Plaintiff's knee immobilizer. Plaintiff again advised

**Who did what?**

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

Dr Dushuttle about being in a lot of Pain and having trouble Standing and Walking. Plaintiff also advised Dr Dushuttle of Dr Jackson's Concerns to which Dr Dushuttle advised he'd review Dr Jackson's X-Rays and told Plaintiff to keep doing Physical Therapy and Continue Pain Management. It is unknown to Plaintiff if Dr Dushuttle reviewed the X-Rays. Dr Jackson Came to See Plaintiff on 8-6-17 and advised Dr Dushuttle's office Notes don't address any of our Concerns and he Seems to be ignoring them. Dr Jackson then Put Plaintiff in for a 2nd opinion. On Sept. 28th 2017, Plaintiff was Seen by Dr M Brady with First State Ortho. Dr Brady found Some Problems with my left hip after doing a Physical exam. Dr Brady then ordered a CT Scan of Plaintiff's Pelvis which was done in October 2017. Plaintiff Saw Dr Brady again on the last Thursday of October 2017. Dr Brady advised the CT Scan Showed the ball and cup devices are Not Properly Placed and a Screw is going through the Pelvis bone. As a result, Plaintiff is Scheduled to undergo another hip Surgery in January 2018 to Correct the abnormalities. At this time Plaintiff Must use a wheelchair to get around any distant more than 50 feet. Plaintiff uses a walker the remainder of the time. Delaware Department of Corrections and Connections CSP Inc were advised Plaintiff was uncomfortable seeing Dr Dushuttle but forced him

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

to go reguardless. All Surgeries were done at Bayhealth Medical Center (MMH) by Dr Dushuttle.

## VI.   ADMINISTRATIVE PROCEDURES

*WARNING: Prisoners must exhaust administrative procedures before filing an action in federal court about prison conditions. 42 U.S.C. § 1997e(a). Your case may be dismissed if you have not exhausted your administrative remedies.*

Is there a grievance procedure available at your institution?        ☒ Yes        ☐ No

Have you filed a grievance concerning the facts relating to this complaint?   ☒ Yes        ☐ No
        If no, explain why not:

Is the grievance process completed?        ☒ Yes        ☐ No
        If no, explain why not:

## VII.   RELIEF

*State briefly what you want the court to do for you. Make no legal arguments. Cite no cases or statutes.*

Plaintiff seeks court order to require Connections CSP Inc to Properly give thorough after care so ordered by this Court. Plaintiff is also seeking financial Compensation in a amount determined by this Court.

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

## VIII.   PRISONER'S LITIGATION HISTORY

*The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in forma pauperis in federal court if that prisoner has "on three or more occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. §1915(g).*

Have you brought any other lawsuits in state or federal court while a prisoner?     ☐ Yes   ☒ No

    If yes, how many? _____

Number each different lawsuit below and include the following:

- Name of case (including defendants' names), court, and docket number
- Nature of claim made
- How did it end? (For example, if it was dismissed, appealed, or is still pending, explain below.)

(Del. Rev. 11/14) Pro Se Prisoner Civil Rights Complaint

_____

_____

## IX.   PLAINTIFF'S DECLARATION AND WARNING

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; and (3) complies with the requirements of Rule 11.

I agree to provide the Clerk's Office with any changes to my address where case-related papers may be served.  I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

*Plaintiff must sign and date the complaint and provide prison identification number and prison address.*

11-29-2017
Dated

Plaintiff's Signature

Parsons, Stephen M
Printed Name (Last, First, MI)

00545643
Prison Identification #

1181 Paddack RD       Smyrna       DE       19977
Prison Address          City           State    Zip Code

**Plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.**