IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| STEPHEN M. PARSONS, | : |
| Plaintiff, | : |
| v. | : Civil Action No. 17-1726-RGA |
| DELAWARE DEPARTMENT OF CORRECTION, et al., | : |
| Defendants. | : |

Stephen M. Parsons, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

March 14, 2018
Wilmington, Delaware

ANDREWS, U.S. District Judge:

Plaintiff Stephen M. Parsons, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis.* (D.I. 5). The Court screens and reviews the complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a).

## BACKGROUND

Plaintiff's civil cover sheet indicates that this is an action brought pursuant to 42 U.S.C. § 1983 for "medical malpractice resulting in Plaintiff's hip to be improperly place[d]). (D.I. 3-1). In November 2015, Plaintiff was seen by Defendant Richard P. DuShuttle, M.D., diagnosed with avascular necrosis, and advised hip surgery was indicated. (D.I. 3 at p.5). When Plaintiff was seen by Dr. DuShuttle at the end of January 2017, he was told that he would bet left hip replacement surgery. Plaintiff underwent the surgery on June 20, 2017. Following surgery, Plaintiff was placed in a left knee immobilizer. (*Id.*) When he complained of severe pain following the surgery, Plaintiff was told it was normal. (*Id.*). He continued with complaints of pain during his hospital stay. (*Id.*). Following his discharge, Plaintiff returned to the VCC. (*Id.*).

When Plaintiff was examined by Dr. DuShuttle on July 5, 2017, Plaintiff's staples were removed and X-rays were performed. (*Id.* at 6). Dr. DuShuttle advised Plaintiff the X-rays were normal. (*Id.*). Plaintiff told Dr. DuShuttle that he continued to have a lot

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988).

1

of pain and he was unable to stand and walk properly. (*Id.*). Dr. DuShuttle told Plaintiff that rehabilitation would take a long time and advised Plaintiff to be patient and work slowly. (*Id.*).

Plaintiff was seen by VCC physician Dr. Tamar Jackson the end of July 2017. (*Id.* at p.6). Dr. Jackson ordered X-rays "after a physical exam felt abnormal to her." (*Id.*). The radiologist indicated "placement was normal" but "a screw looked out of place." (*Id.*).

Plaintiff was seen by Dr. DuShuttle about five days later. (*Id.*) At that time, he removed the knee immobilizer. (*Id.*) Plaintiff told Dr. DuShuttle that he continued with a lot of pain, and trouble standing and walking. (*Id.* at p.7). Plaintiff told Dr. DuShuttle of Dr. Jackson's concerns. Dr. DuShuttle responded that he would review the X-rays and told Plaintiff to continue with physical therapy and pain management. (*Id.*).

When Plaintiff was seen by Dr. Jackson on August 6, 2017, Plaintiff was told that Dr. DuShuttle's office notes did not seem to address their concerns. (*Id.*). Dr. Jackson ordered a second opinion and, on September 8, 2017, Plaintiff was seen by Dr. M. Brady who discovered some problems following his examination of Plaintiff. (*Id.*). Dr. Brady ordered a CT scan, and it revealed that the ball and cup devices were not properly placed and a screw was going through Plaintiff's pelvic bone. (*Id.*). Hip surgery is scheduled in January 2018 to correct the abnormalities.

Plaintiff alleges that, although Defendants Delaware Department of Correction and Connections CSP, Inc. were advised Plaintiff was uncomfortable seeing Dr. DuShuttle, he was forced to see him. (*Id.* at pp.7-8). Plaintiff states that all surgeries were performed at Bayhealth Medical Center by Dr. DuShuttle. (*Id.* at p.8).

2

Plaintiff seeks injunctive relief in the form of proper after-care treatment and compensatory damages. Plaintiff recently filed a request for counsel. (D.I. 6).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

3

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Const. Corp.*, 809 F.3d 780,787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

4

*see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986) (negligence is not compensable as a constitutional deprivation).

Even when reading the complaint in the most favorable light to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need. Rather, the complaint alleges that Plaintiff received treatment for his hip condition. Ultimately, it was determined that a second surgery is necessary due to what appear to be complications. Regardless, the allegations are that Plaintiff received medical care, but because the allegations amount to inadequate or inappropriate medical treatment, they are insufficient to state a plausible constitutional violation. *See Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim."). Clearly, the allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference to a serious medical need.

In addition, in Delaware, medical malpractice is governed by the Delaware Health Care Negligence Insurance and Litigation Act. *See* 18 Del. C. §§ 6801-65. When a party alleges medical negligence, Delaware law requires the party to produce an affidavit of merit with expert medical testimony detailing: (1) the applicable standard of care, (2) the alleged deviation from that standard, and (3) the causal link between the deviation and the alleged injury. *Bonesmo v. Nemours Found.*, 253 F. Supp. 2d 801, 804 (D. Del. 2003) (quoting *Green v. Weiner*, 766 A.2d 492, 494-95 (Del. 2001)) (internal quotations omitted); 18 Del. C. § 6853. Because Plaintiff alleges medical negligence, at the time he filed the complaint he was required to submit an affidavit of

6

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff brings this action as a § 1983 claim alleging medical malpractice. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment, "so long as the treatment provided is reasonable." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990);

5

merit as to each defendant signed by an expert witness. 18 Del. C. § 6853(a)(1). Plaintiff failed to accompany the complaint with an affidavit of merit as required by 18 Del. C. § 6853(a)(1).

## CONCLUSION

For the above reasons, the Court will: (1) dismiss as moot Plaintiff's request for counsel (D.I. 6); and (2) dismiss the complaint as frivolous pursuant to U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1).[2] Amendment is futile.

An appropriate Order will be entered.

---

[2] Dismissal of Defendants DOC, Dr. Shuttle, and Bayhealth Medical Center is also appropriate because the DOC is immune from suit under the Eleventh Amendment of the United States Constitution and Dr. DuShuttle and Bayhealth Medical Center are not State Actors as is required to state a claim under § 1983.