IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

STEPHEN M. PARSONS,            :
                               :
         Plaintiff,            :
                               :
    v.                         : Civil Action No. 17-1726-RGA
                               :
CONNECTIONS CSP, INC., et al., :
                               :
         Defendants.           :

Stephen M. Parsons, James T. Vaughn Correctional Center, Smyrna, Delaware. Pro Se Plaintiff.

**MEMORANDUM OPINION**

December 12, 2018
Wilmington, Delaware

*signature* 
**ANDREWS, U.S. District Judge:**

Plaintiff Stephen M. Parsons, an inmate at the James T. Vaughn Correctional Center in Smyrna, Delaware, filed this action pursuant to 42 U.S.C. § 1983.[1] (D.I. 3). He appears *pro se* and has been granted leave to proceed *in forma pauperis*. (D.I. 5). The original complaint was dismissed after screening and Plaintiff was given leave to amend upon reconsideration. (D.I. 13). An Amended Complaint was filed on October 16, 2018. (D.I. 14). The civil cover sheet for the Amended Complaint describes the action as a § 1983 claim for "[m]edical [m]alpractice by defendants resulting in insufficient surgery and improperly placed hip." (D.I. 14-1). The Court screens and reviews the Amended Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(a). Plaintiff also requests counsel. (D.I. 15).

## BACKGROUND

In October 2015, Plaintiff was referred for a consult with Defendant Richard P. DuShuttle, an orthopedic surgeon. (D.I. 14). Plaintiff advised medical that he "was not willing and uncomfortable to seeing Dr. DuShuttle," and Plaintiff was told that he did not get to choose his doctors. (*Id.* at 5). Plaintiff alleges that Dr. DuShuttle has a contract with Defendant Connections CSP and the Delaware Department of Correction and Defendant Bayhealth Medical Center also has a contract with Connections making them both "state actors." (*Id.* at 6, 8).

---

[1] When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and the person who caused the deprivation acted under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

1

In November 2015, Plaintiff was seen by Dr. DuShuttle, diagnosed with avascular necrosis, and advised hip surgery was indicated. (*Id.* at 5). His right hip was replaced on November 1, 2016, at Milford Memorial Hospital. (*Id.*). Plaintiff continued to advise medical of his distrust of Dr. DuShuttle's surgical abilities. (*Id.*). Plaintiff was seen by Dr. DuShuttle at the end of January 2017 and told they would proceed with left hip replacement surgery. (*Id.* at 6).

Plaintiff underwent the surgery on June 20, 2017. (*Id.*). Following surgery, Plaintiff was placed in a left knee immobilizer, and he complained of pain during his hospital stay. (*Id.*). He was told that Dr. DuShuttle placed him on the immobilizer and medical personnel had been advised not to remove it for any reasons. (*Id.*). When Plaintiff was examined by Dr. DuShuttle on July 5, 2017, for a follow-up visit, Plaintiff's staples were removed, and X-rays were performed. (*Id.* at 7). Dr. DuShuttle advised Plaintiff the X-rays were normal. (*Id.*). Plaintiff told Dr. DuShuttle that he continued to have a lot of pain and he was unable to stand and walk properly. (*Id.*). Dr. DuShuttle told Plaintiff that rehabilitation would take a long time and advised Plaintiff to be patient and work slowly. (*Id.*).

Plaintiff was seen by VCC physician Dr. Tamar Jackson the end of July 2017. (*Id.*). Dr. Jackson ordered X-rays and saw a screw out of place. (*Id.*). Plaintiff was seen by Dr. DuShuttle about five days later. (*Id.*) At that time, he removed the knee immobilizer. (*Id.*) Plaintiff told Dr. DuShuttle that he continued with a lot of pain and had trouble standing and walking. (*Id.*). Plaintiff told Dr. DuShuttle of Dr. Jackson's concerns. Dr. DuShuttle responded that he would review the X-rays and told Plaintiff to continue with physical therapy and pain management. (*Id.*).

2

When Plaintiff was seen by Dr. Jackson on August 6, 2017, Plaintiff was advised that Dr. DuShuttle did not seem to address their concerns. (*Id.*). Dr. Jackson ordered a second opinion and, on September 8, 2017, Plaintiff was seen by Dr. M. Brady who discovered some problems following his examination of Plaintiff. (*Id.*). Dr. Brady ordered a CT scan, and it revealed that the ball and cup devices were not properly placed and a screw was going through Plaintiff's pelvic bone. (*Id.*). Plaintiff underwent left hip revision surgery on January 26, 2018 at Christiana Care Health Systems. (*Id.* at 8). Plaintiff continues to follow-up with Dr. Brady. Plaintiff alleges Dr. Brady told him he could not guarantee a total recovery due to the malpractice performed by Dr. DuShuttle. (*Id.*).

Plaintiff alleges that he was the third patient in 2017 who underwent revision surgery following a mistake by Dr. DuShuttle. (*Id.*). Plaintiff alleges that Metzger and Scarborough should have known from his letters and grievances there was a problem with Dr. DuShuttle, but inmates were still sent to Dr. DuShuttle for consultation and surgery and nothing was done to protect inmates. Plaintiff alleges that Connections forced him to see Dr. DuShuttle after he expressed his dislike and prior malpractice, and this violated his right to be free from cruel and unusual punishment under the Eighth Amendment of the United States Constitution. (*Id.* at 8). Finally, Plaintiff alleges that the Connections staff lied in 2015 when Plaintiff was told that Dr. DuShuttle was the only orthopedic provider on contract, but he learned that Connections also had a contract with First State Orthopedics. Plaintiff alleges that Scarborough is the deputy warden in charge of the medical department at the VCC. (*Id.*).

3

Plaintiff seeks injunctive relief in the form of proper medical care and compensatory damages. (Id. at 14). He requests for counsel. (D.I. 15).

## SCREENING OF COMPLAINT

A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b) if "the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief." *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). *See also* 28 U.S.C. § 1915(e)(2) (*in forma pauperis* actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions). The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a *pro se* plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). Because Plaintiff proceeds *pro se*, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario. *Neitzke*, 490 U.S. at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions. *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999). However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§1915 and 1915A, the Court must grant Plaintiff leave to amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). A plaintiff must plead facts sufficient to show that a claim has substantive plausibility. *See Johnson v. City of Shelby*, __U.S.__, 135 S.Ct. 346, 347 (2014). A complaint may not dismissed, however, for imperfect statements of the legal theory supporting the claim asserted. *See id.* at 346.

A court reviewing the sufficiency of a complaint must take three steps: (1) take note of the elements the plaintiff must plead to state a claim; (2) identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth; and (3) when there are well-pleaded factual allegations, assume their veracity and then determine whether they plausibly give rise to an entitlement to relief. *Connelly v. Lane Constr. Corp.*, 809 F.3d 780, 787 (3d Cir. 2016). Elements are sufficiently alleged when the facts in the complaint "show" that the plaintiff is entitled to relief. *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). Deciding whether a claim is plausible will be a

5

"context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

## DISCUSSION

Plaintiff brings this action as a § 1983 claim alleging medical malpractice. The Eighth Amendment proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 103-105 (1976). In order to set forth a cognizable claim, an inmate must allege (i) a serious medical need and (ii) acts or omissions by prison officials that indicate deliberate indifference to that need. *Estelle v. Gamble*, 429 U.S. at 104; *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). A prison official is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and fails to take reasonable steps to avoid the harm. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). A "prison official may manifest deliberate indifference by intentionally denying or delaying access to medical care." *Estelle v. Gamble*, 429 U.S. at 104-05.

However, "a prisoner has no right to choose a specific form of medical treatment." *Lasko v. Watts*, 373 F. App'x 196, 203 (3d Cir. 2010) (quoting *Harrison v. Barkley*, 219 F.3d 132, 138-140 (2d Cir. 2000)). An inmate's claims against members of a prison medical department are not viable under § 1983 where the inmate receives continuing care, but believes that more should be done by way of diagnosis and treatment and maintains that options available to medical personnel were not pursued on the inmate's behalf. *Estelle v. Gamble*, 429 U.S. at 107. In addition, allegations of medical malpractice are not sufficient to establish a constitutional violation. *See White*

*v. Napoleon*, 897 F.2d 103, 108-09 (3d Cir. 1990); *see also Daniels v. Williams*, 474 U.S. 327, 332-34 (1986).

Even when reading the Amended Complaint in the light most favorable to Plaintiff, he fails to state an actionable constitutional claim against Defendants for deliberate indifference to a serious medical need. It is clear from the allegations that Plaintiff alleges malpractice by Dr. DuShuttle when he performed hip surgery and complications requiring a second surgery by Dr. Brady. Regardless, the allegations are that Plaintiff received medical care, but because the allegations amount to inadequate or inappropriate medical treatment, they are insufficient to state a plausible constitutional violation. *See Norris v. Frame*, 585 F.2d 1183, 1186 (3d Cir. 1978) ("Where the plaintiff has received some care, inadequacy or impropriety of the care that was given will not support an Eighth Amendment claim."). Clearly, the allegations fall under the aegis of a medical malpractice/negligence claim, rather than deliberate indifference to a serious medical need.

Moreover, the § 1983 claims against the Scarborough and Metzger are raised against them based upon their supervisory positions. There is no respondeat superior liability under § 1983. *See Parkell v. Danberg*, 833 F.3d 313, 330 (3d Cir. 2016). A defendant in a civil rights action "cannot be held responsible for a constitutional violation which he [ ] neither participated in nor approved." *Baraka v. McGreevey*, 481 F.3d 187, 210 (3d Cir. 2007); *see also Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981). Personal involvement in the alleged wrong is required. Such involvement may be "shown through allegations of personal direction or of actual knowledge and acquiescence." *Evancho v. Fisher*, 423 F.3d 347, 353 (3d Cir. 2005). In addition, a

non-medical prison official must either actually know, or have reason to believe, that prison doctors are mistreating or not treating the prisoner to be liable for deliberate indifference. *Spruill v. Gillis*, 372 F.3d 218, 236 (3d Cir. 2004).

Finally, a § 1983 claim may not lie against Bayhealth Medical Center because to state a viable § 1983 claim, a plaintiff must allege facts showing a deprivation of a constitutional right, privilege or immunity by a person acting under color of state law. *See Daniels v. Williams*, 474 U.S. 327, 330 (1986). Bayhealth Medical Center is not a person within the meaning of § 1983. *See Will v. Michigan Dep't of State Police*, 491 U.S. 58, 69 (1989).

Accordingly, for the above reasons, the Court will dismiss the § 1983 claim for failure to state a claim and finds further amendment of the § 1983 claim futile. Plaintiff's claim is a malpractice claim.

Plaintiff recently filed a motion to clarify asking that he be excused from the requisites of the Delaware Health Care Negligence Insurance and Litigation Act, 18 Del. C. §§ 6801-6865. (D.I. 16). The motion will be denied. As discussed, the Amended Complaint does not state a claim under federal law. Nor are the parties diverse. (See D.I. 14 at 2-4). Because the Amended Complaint fails to state a federal claim, the court declines to exercise jurisdiction over Plaintiff's negligence claim, which arises under state law. *See* 28 U.S.C. § 1367; *De Asencio v. Tyson Foods, Inc.*, 342 F.3d 301, 309 (3d Cir. 2003). To the extent Plaintiff raises negligence claims they will be dismissed without prejudice to filing them in Delaware Superior Court.

## CONCLUSION

For the above reasons, the Court will: (1) dismiss the §1983 claims in the Amended Complaint pursuant to U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1); (2) dismiss without prejudice to refiling in State Court the medical negligence claim; (3) decline to exercise supplemental jurisdiction; (4) dismiss as moot the request for counsel (D.I. 15); and (5) deny the motion to clarify (D.I. 16). Amendment of the § 1983 claim is futile.

An appropriate Order will be entered.